FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 12, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>DERREK JOSEPH EASLING,<br><br>              Defendant. | No.   2:18-CR-00114-SAB-1<br><br>ORDER DENYING MOTION FOR SENTENCE REDUCTION |

      Before the Court is Defendant's *pro se* Motion for Sentence Reduction Under 18 U.S.C. 3583(c)(1)(A) (Compassionate Release), ECF No. 33. Defendant is a federal inmate at FCI-Sheridan and is representing himself.

      On September 13, 2018, Defendant plead guilty to Possession with Intent to Distribute 50 grams or more of Actual (Pure) Methamphetamine. On December 20, 2018, he was sentenced to 120 months imprisonment, and 5 years supervised release. Defendant's projected release date is January 30, 2026. *See* BOP Inmate Finder, https://www.bop.gov/inmateloc (last visited September 11, 2023).

      Defendant asks the Court to reduce his sentence of incarceration to time-served, or any amount the Court deems appropriate. Defendant asserts that during the pandemic, inmates at FCI-Sheridan have endured onerous lockdowns, restrictions on programming, medical shortages, staff shortages, and food shortages. He maintains that FCI-Sheridan has a general inability to manage the number of inmates at the facility, given the staff shortages.

      Defendant argues that he has served his debt to society and used his time

ORDER DENYING MOTION FOR SENTENCE REDUCTION ~ 1

productively, as required, but BOP has failed in meeting its responsibilities. Attached to Defendant's motion is a two-page Supplement that Defendant indicates was prepared by a law clerk at FCI-Sheridan detailing the conditions at the prisons and providing a general outline of the legal arguments for using 18 U.S.C. 3582(c)(1)(A) sentence reduction as an avenue to seek relief from a sentence that has become overly punitive caused by the conditions at FCI-Sheridan. Defendant maintains that several inmates at FCI-Sheridan have received partial reductions in their sentences because of the conditions at FCI-Sheridan.

In addition, Defendant relies on family circumstances to show extraordinary and compelling reasons for the Court to grant him his requested relief. Defendant indicates his mother's home burned in 2018 and her husband passed away in 2021. Defendant reports he is an only child, and his mother has no additional support.

### Motion Standard

Generally, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. 3582(c); *see also Dillon v. United States,* 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.") (internal alterations omitted). Compassionate release, however, provides an exception to this general rule in extraordinary cases. *See* 18 U.S.C. § 3582(c)(1)(A). Prior to the enactment of the First Step Act in December 2018, only the Bureau of Prisons (BOP) could raise the issue of compassionate release. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Section 3582(c)(1)(A) now allows a federal prisoner to seek compassionate release after exhausting all administrative remedies with the BOP.[1]

---

[1] Defendant indicated that he submitted a request to the Warden of FCI-Sheridan on July 20, 2023, and he did not receive a response. He filed his motion on September 6, 2023.

ORDER DENYING MOTION FOR SENTENCE REDUCTION ~ 2

Section 3582(c)(1)(A) permits a court to reduce the term of imprisonment after considering the factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(c)(1)(A). The purpose of compassionate release is to provide a "safety valve with respect to situations in which a defendant's circumstances had changed such that the length of continued incarceration no longer remained equitable." *United States v. Chen*, 48 F.4th 1091, 1098-99 (9th Cir. 2022).

Congress has not provided a statutory definition of "extraordinary and compelling reasons." *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam).[2] Because there is no "applicable" policy statement governing compassionate-release motions filed by defendants, district courts may consider *any* extraordinary and compelling reasons a defendant might raise. *Chen*, 48 F.4th at 1099 (emphasis added).

The Ninth Circuit has instructed that in deciding whether to grant a defendant's motion for compassionate release under 18 U.S.C. 3582(c)(1)(A)(i), district courts must consider (1) whether extraordinary and compelling reasons warrant such a reduction; and

---

[2] Instead, Congress instructed the United States Sentencing Commission that "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, [it] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Aruda*, 993 F.3d at 800 (citing 28 U.S.C. §§ 944(t); 944(a)(2)(C)). The Sentencing Commission's policy statement regarding reductions in a term of imprisonment is found at U.S.S.G. 1B1.13. This policy statement, however, has not been updated since the First Step Act amended § 3582(c)(1)(A). *Id.* Consequently, the current version of U.S.S.G § 1B1.3 is not an applicable statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. *Id.* at 801.

ORDER DENYING MOTION FOR SENTENCE REDUCTION ~ 3

(2) the sentencing factors set forth in 3553(a) to the extent they are applicable. *United States v. Keller*, 2 F.4th 1278, 1283-84 (9th Cir. 2021). Each step of this analysis qualifies as an independent ground to deny a motion for compassionate release. *United States v. Wright*, 45 F.4th 938, 947 (9th Cir. 2022). Defendant bears the burden of showing extraordinary and compelling reasons that justify compassionate release. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (holding that as the moving party, the defendant bears the burden of establishing that they are eligible for a sentence reduction).

## Analysis

### A. Extraordinary Circumstances

#### 1. Conditions at FCI-Sheridan

Defendant asserts that COVID-19 impacted his conditions of confinement at FCI-Sheridan to such extent as to warrant a reduction in his sentence.

Most district courts that have addressed these arguments have found that "general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claims for compassionate release." *United States v. Abdullah*, 2023 WL 5802622 (W.D. Wash. Sept. 7, 2023) (citing cases). Courts have reasoned that conditions that are shared by nearly every inmate in the country are not extraordinary and compelling. *Id.* The Court agrees with this reasoning.

Also, while it is true that in the cases cited by Defendant the defendants received sentence reductions, at least for the cases the Court was able to locate, the reasons provided by the court varied and were not solely because of the conditions at FCI-Sheridan.[3]

---

[3] *United States v. Westwolf*, 2023 WL 3305102 (D. Mont. May 8, 2023) (finding defendant's deteriorating eyesight and related medical complication warrants small sentence reduction); *United States v. Lira*, 2023 WL 3626430 (D. Mont. May 24, 2023) (finding the defendant's medical conditions, age, and sentencing disparity are extraordinary and compelling reasons to reduce sentence from 150 months to 135 months)

ORDER DENYING MOTION FOR SENTENCE REDUCTION ~ 4

Where, as here, Defendant's conditions of confinement at FCI-Sheridan ultimately may have been harsher and more challenging than the Court could have predicted when it sentenced Defendant in 2018, his generalized claim of overly harsh conditions do not constitute extraordinary and compelling circumstances warranting a sentence reduction.

### 2.  Family Circumstances

Defendant asserts that his family circumstances are extraordinary and compelling so as to justify a reduction in his sentence. The Court disagrees. The fact that his mother is a widow whose house burned down in 2018 does not compel a reduction in his sentence.

### B.  18 U.S.C. 3553(a) Factors

The second step in determining whether to reduce Defendant's sentence requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). The Court must impose a sentence that is sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *United States v. Lizarraras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021) (citation omitted).

When the truck Defendant was driving was stopped by police because it had a large crack in the windshield and missing mud flaps on the rear tires, Defendant had a

---

*but see United States v. Willis*, __ F.Supp.3d.__, 2023 WL 2625530 (D. Or. Mar. 22, 2023) (finding generally harsh conditions of confinement at USP Victorville, in combination with disparity in sentencing and rehabilitation efforts, constituted extraordinary and compelling reasons for reduction of sentence).

ORDER DENYING MOTION FOR SENTENCE REDUCTION ~ 5

suspended license and was required to use an interlock device, which was not present. When he was arrested, officers found over $500 and a baggie with substance that field tested positive for methamphetamine on his person. When officers executed a state search warrant to search the truck, numerous items were found, including but not limited to:

> a police scanner; Samsung Galaxy S6 cell phone; Garmin and Magellan GPS devices; Giinii portable dash camera; coffee can full of vehicle door and ignition keys; glass smoking device; pipe; Hewlett Packard (HP) laptop; one zip lock baggie containing large crystals weighing approximately 194 grams; baggie containing compressed white powder weighing approximately 2.9 grams; four plastic baggies with a black tarry substance weighing 33.4 grams; one zip lock baggie with skulls containing a white powdery substance; two capsules with white powdery substance; one clear baggie with crystal/glass looking shards; one clear baggie with white powdery substance; one clear baggie with green pasty substance; one digital scale with residue; three glass smoking devices with residue; six zip lock baggies; 13 small silver coins; two large silver coins; one gold large diamond ring; loose change; one prepaid debit card; and one lighter.

ECF No. 27.

Based on the drugs that were found and acceptance of responsibility reduction, the USSG calculations resulted in a TOL of 29 and Criminal History Level V, with the resulting range of 140–175 months. The amount of drugs also triggered the 120-month mandatory minimum sentence.

Pursuant to the parties' Fed. R. Cr. P. 11(c)(1)(C) plea agreement, the parties recommended 120 months imprisonment. The Court accepted the plea agreement and sentenced Defendant to 120 months imprisonment and 5 years supervised release.

A review of Defendant's criminal history shows convictions for numerous domestic violence incidents, obstruction, escape, DUIs, possession of stolen property, theft, and false reporting. In addition, he has a prior delivery of controlled substance conviction. Defendant has been committing crimes since he was 21 years old. His criminal history category of V reflects a concern for recidivism if Defendant receives a reduction in his sentence.

In reviewing the § 3553(a) factors, the Court finds that Defendant is not entitled

ORDER DENYING MOTION FOR SENTENCE REDUCTION ~ 6

to a sentence reduction. Rather, the 120-month sentence Defendant received, which was a significant departure from the USSG range, is sufficient, but not greater than necessary to reflect the seriousness of his underlying offense, promote respect for the law, provide just punishment and afford adequate deterrence to criminal conduct.

Accordingly, **IT IS ORDERED**:

1. Defendant's *pro se* Motion for Sentence Reduction Under 18 U.S.C. 3583(c)(1)(A) (Compassionate Release), ECF No. 33, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide copies to Defendant counsel.

**DATED** this 12th day of September 2023.



Stanley A. Bastian
Chief United States District Judge

ORDER DENYING MOTION FOR SENTENCE REDUCTION ~ 7